POLANCO, PLAINTIFF AND APPELLEE, v. GOFFINET ET AL., DEFENDANTS AND APPELLEES (PORTELA ET AL., SURETIES AND APPELLANTS).

APPEAL from the District Court of Humacao in Mortgage. Foreclosure Proceedings.

No. 2844.—Decided June 11, 1924.

EXECUTION OF JUDGMENT—PROPERTY NOT EXECUTIONABLE—AGRICULTURAL CREDITS.—Being subject to the results of crops and liquidation, credits under agricultural contracts are not generally executionable.

ID.—ID.—ID.—SURETY—DISCUSSION.—A surety who claims the benefit of a discussion of the assets of his principal must not only show that the principal has property subject to execution, but must specify the property. It is not sufficient to say that agricultural credits exist, supposing them to be executionable, but there must be some specific references so that a marshal may be directed in levying the execution.

APPEAL—OPINION OF THE COURT—TRANSCRIPT.—The opinion of the trial court can not be relied on to substitute a certified statement of the facts in the case.

ID.—ASSIGNMENT OF ERRORS—BRIEF OF APPELLANT.—It is not enough to show that the court's judgment or action was erroneous because it failed to observe some provision of law, but the assignment should state some fact which would give an apparent basis for reversal.

NULLITY OF FORECLOSURE PROCEEDINGS—ORDERS AFTER JUDGMENT. — Appellants maintained that various orders made after judgment and to carry it into

execution contained pronouncements not included in the judgment itself. *Held:* That in a proceeding for nullity the court has broad powers to restore the *status quo.*

ID.—SURETY.—When bonds given to secure the effectiveness of the judgment of nullity in mortgage foreclosure proceedings and to respond for damages are confiscated neither the disposition of the money nor the fact that in the proceeding for confiscation all of the necessary parties were not before the court affects the sureties.

The facts are stated in the opinion.

*Mr. H. G. Molina* for the appellants.

*Mr. J. Vendrell* for the defendant-appellees.

*Messrs. Sarmiento & Puig* for the plaintiff-appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On May 21, 1919, the District Court of Humacao rendered a judgment wherein, in a suit for that purpose, a summary mortgage proceeding was annulled and set aside. In the original mortgage proceeding, in accordance with section 175 of the Mortgage Regulations, the court, after notice of the annulment suit, may, upon proper petition, order the retention of the price of the mortgage sale. The price in this case, amounting to the sum of $19,202, was paid into court by the purchasers José and Jacinto Polanco. The effect of such an order is to place an attachment on the purchase money, and the creditors Goffinet, in order to obtain the release of this attachment, executed, in accordance with said section 175, two bonds, each in the sum of $9,601, and each of said bonds was signed by two different sureties.

The judgment of nullity of May 21, 1919, *supra,* also fixed damages against the defendants therein, the brothers Goffinet, in the sum of $9,923. To release an attempted attachment for said amount the defendants Goffinet executed another bond with sureties.

No copy of any of these bonds has been included in the record or certified to us in any way, and the only knowledge we have of them are certain admissions made by the appellee and certain statements contained in the various orders of the court to which we shall immediately refer.

After the judgment of May 21, 1919, was finally affirmed and had become entirely executionable, the complainant Polanco sought to carry it into effect. The court issued various orders whereunder, in the final analysis, the various sureties were cited to appear and show cause why they should not pay into court the various amounts for which they respectively had made themselves responsible. They all appeared and presented various defences, which we shall discuss. None of the defences was considered good by the court, which, on the 18th day of July, 1922, rendered judgment ordering the confiscation of the bonds and the payment into court of the various amounts secured.

On appeal, the first two assignments of error relate to the necessity for a discussion (*excusión*) of the assets of the principal defendants, Goffinet. A recital contained in the opinion accompanying the judgment of July 10, 1922, shows that the attorney in fact of the defendants Goffinet had declared that the said defendants, although they had agricultural contracts amounting to $80,000 pending in Porto Rico, had no executionable property in the country. Supposing that we may take the foregoing recitals of the opinion as facts, it is evident that there is no showing that the defendants Goffinet had executionable property. Agricultural contracts, subject as they are to the results of crops and liquidation, are, in general not executionable. If they were executionable, it was, as we shall see, the duty of the sureties to make a demonstration.

Neither the appellants nor the appellees have referred us to the applicable parts of the Civil Code, but we suppose they are sections 1731–1733 as follows:

"Sec. 1731.—The surety can not be compelled to pay a creditor until application has been previously made of all the property of the debtor.

"Sec. 1732.—This application can not take place:

"1.—If the surety has expressly renounced it.

"2.—If he has jointly bound himself with the debtor.

"3.—In case of bankruptcy of the debtor.

"4.—When the debtor can not be judicially sued within Porto Rico.

"Sec. 1733.—In order that the surety may avail himself of the benefit of a levy against the principal he must require it of the creditor as soon as the latter may sue for payment, and determine the property of the debtor which can be sold within Porto Rican territory and which may be sufficient to cover the amount of the debt."

We have interpreted these sections in *Fantauzzi* v. *Vázquez,* 22 P.R.R. 671. The sureties must not only show that there is executionable property, but the property must be specified. It does not suffice to say that agricultural credits exist, supposing them executionable, but there must be more specific references, so that a marshal may know where to go.

The appellees, however, properly insist that we have no adequate means of reviewing the proceedings of the court below, inasmuch as facts that the district court had before it have not been certified to us. Appellants refer to a statement made by the attorney in fact of the defendants Goffinet showing agricultural contracts. This statement is not contained in the record. Except for the recital alluded to, the statement of the attorney in fact is not to be found in the opinion of the court, if that could be relied on for bringing up such a fact. To the effect that the opinion cannot be relied on for such a purpose, the appellee cites us to *Torres* v. *Vidal,* 28 P.R.R. 390; *Guerra* v. *Acha,* 27 P.R.R. 631; *Paganacci* v. *Lebrón,* 24 P.R.R. 743; *Albite* v. *Lecumberri,* 22 P.R.R. 795; *Rubio* v. *Charvournier,* 20 P.R.R. 299, and they decide the question. These considerations dispose of the first two assignments of error.

The third assignment of error is as follows:

"The District Court of Humacao erred in unduly applying section 175 of the Regulations for the execution of the Mortgage Law and section 16 of the act to secure the effectiveness of judgments as amended by act number 27 of 1916, as regards the appellant sure-

ties José Ramírez Muñoz, Cándido Ramírez Muñoz, Miguel Quiñones Cabezudo ánd Manuel Portela.''

This assignment of error applies only to the sureties for the purchase price in the sum of $19,202. The sureties for the sum of $9,923 are in no wise included.

It is questionable whether this third assignment of error, for lack of due specification, should even be considered. It is not enough to show that the court's judgment or action was erroneous because it failed to observe such and such a provision of law, but the assignment should contain some fact or facts which would give an apparent basis for reversal.

The appellants maintain that the various orders rendered after the judgment of May 21, 1919, and to carry it into execution, contained pronouncements which were not included in the judgment itself. In a proceeding for nullity, however, we think the court has broad powers to restore the *status quo*.

A more specific complaint and one about which this court has had some doubt is that the judgment of May 21, 1919, not only ordered that the purchase price of $19,202 should be paid into court by the several sureties, but at the same time ordered that the said amounts should be paid over to the marshal, who was to pay the amount to the brothers Polanco, the original purchasers of the mortgaged property, in order that they should restore the original mortgaged property to the debtor Polanco. The appellants insist that the court had no right to order the payment of the $19,202 in this form and that the brothers Polanco were not parties to the proceeding and could not be affected by the order.

Here again we encounter the obstacle that all the proceedings in the annulment suit wherein this special proceeding was taken have not been certified up to us. We cannot definitely know whether the brothers Polanco were made parties or not.

We are disposed to hold, however, that the court, under

its broad powers, may take the necessary steps to restore the *status quo* and may order the purchasers to restore the property to the complainant Polanco on being paid the price, and for this purpose we are bound either to assume that the brothers Polanco were either duly before the court or may still be brought in on motion under sections 36 and 74 of the Code of Civil Procedure. In this regard see the recent pronouncement of the Circuit Court of Appeals, First Circuit, in *Gandía* v. *Porto Rico Fertilizer Co.,* 291 Fed. Rep. 18.

When the sureties signed the bonds whereby the purchase prise was turned over to the brothers Goffinet the said sureties were bound to know the state of the law and especially the provisions of said section 175 whereunder the price as attached would normally be retained to be returned to the purchasers in case of the success of the annulment proceeding.

Furthermore, the order requiring the sureties to pay the money into court is absolute in form. The bonds of the sureties are declared to be confiscated and they are required to pay the various amounts to the marshal who is to hold the same for the purposes therein declared. The subsequent disposition of the money, however, does not affect the sureties, and their bond will be released if they comply with the order. The fact that the necessary parties are possibly not before the court does not affect the sureties.

Whatever doubts we may have, the judgment should be affirmed by reason of the incomplete state of the record and especially the absence of the bonds.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Franco Soto concurred.

Mr. Justice Hutchison concurred in the judgment.